## 4535. GEORGIAN COMPANY *v.* SHULMAN.

An amendment to the petition, specifically setting out the damages claimed for the alleged breach of contract, and giving the correct measure for estimating the damages that the plaintiff was entitled to recover if the allegations were proved, should have been allowed. The court having erred in disallowing the amendment, the verdict and judgment thereafter rendered were not a legal termination of the case, and a new trial must be granted.

DECIDED MARCH 18, 1913.

Action on contract; from city court of Atlanta—Judge Reid. November 6, 1912.

*W. S. Dillon, Anderson, Felder, Rountree & Wilson,* for plaintiff. *Mayson & Johnson,* for defendant.

HILL, C. J. The Georgian Company sought to recover damages for a breach of the following contract:

"Advertising contract with the Atlanta Georgian and News. $350.00. Atlanta, Ga., Nov. 3, 1910.

"We hereby authorize the Georgian Company to insert in the Atlanta Georgian and News 500 inches of display advertisement within six months from date, for which we agree to pay 70 cents per inch each insertion. It is agreed that we have purchased the above amount of space during the period named, and that we will pay for same the said sum of $350.00, whether the whole of said

space is used or not. Additional space will be charged at 70¢ per inch. It is also agreed that the time agreed upon for using the specified number of inches shall not be extended. The Georgian Company will not be bound by any agreement or promise not herein stated."

The petition and the first amendment thereto set out the contract, and alleged a breach by the defendant, and claimed damages generally in the sum of $350. On general demurrer the trial judge indicated that he would dismiss the petition, because the allegations thereof did not sufficiently describe or specify the nature of the damages claimed; and the plaintiff thereupon offered an amendment in the following language: "1. Petitioner shows that defendant furnished a copy for its advertisement for only twenty inches of space, which was placed in one issue of its paper; that defendant owes plaintiff the sum of $14 for such advertising; that plaintiff called on defendant repeatedly thereafter for the copy of its advertisement, although it was defendant's duty to furnish the same without such demand; defendant thereafter refused to furnish a copy of its advertisement, and thereafter it was not published. The net profit plaintiff would have made on the balance of 480 inches of advertising space, had defendant carried out its contract, would have amounted to thirty cents per inch, or $144, and this together with the $14 used makes a total amount due of $156, besides interest; that is to say, the actual expense of printing and publishing an advertisement, such as was contemplated by the contract, was forty cents per inch. 2. After defendant breached said contract, plaintiff did not reserve any blank space for defendant, but was at all times ready and willing to print display advertising according to the contract, had it been furnished by defendant. While plaintiff did not reserve any blank space for defendant, it was unable to use such space at any profit whatever, and did lose thirty cents per inch by reason of the failure of defendant to furnish copy of its advertising matter."

This amendment was disallowed, except the allegations as to the $14 worth of advertising actually used; and, as the defendant admitted owing the plaintiff this $14, a verdict was subsequently directed for this amount. The ruling of the trial judge in striking the remainder of the amendment offered by the plaintiff was to the effect that, although there was a breach, no damages could be

proved, because the plaintiff did not set apart the space described in the contract to the defendant. In other words, the court seems to have entertained the idea that the contract was one for the purchase of space, rather than a contract for advertising, and, therefore, that the space must have been kept set apart,—that is, must have been actually furnished,—before there could be a recovery by the plaintiff for the breach of the contract. We do not agree with this view of the learned trial judge. We do not understand why the defendant should have wanted space in the paper, unless such space was to be occupied by the advertisement of his goods. We think that, what the defendant wanted was sufficient space in the Atlanta Georgian and News to publish 500 inches of display advertisement during the life of the contract. No particular space was designated by the contract, and no particular space in the paper was desired. The plaintiff agreed to furnish sufficient space to publish 500 inches of display advertisement. The advertising matter for this space was to be furnished by the defendant, and the plaintiff could not carry out the agreement unless the defendant furnished the necessary advertising matter. If the contract had been one for definitely specified space, the plaintiff doubtless could have set apart this space from time to time and tendered it to the defendant for his display advertisement, and, on refusal of the defendant to furnish the advertising matter, could have recovered the entire amount of $350 specified by the contract; but this was manifestly not the intention of the parties. Space set apart with nothing to indicate its purpose would have been of no possible benefit to the defendant. He could not by blank space have advertised his goods; and the leaving in the paper, from time to time, of blank space would have resulted in loss to the plaintiff. We think that the contract, reasonably construed, was one for advertising, and not for sale of blank space. What the defendant wanted was advertisement of his goods, and what the plaintiff wanted was the pay for such advertisement. If the defendant had carried out his contract and furnished the advertising matter to the plaintiff for use, and the plaintiff had published it as agreed, the plaintiff would have been entitled to receive from the defendant the full amount of $350, stipulated in the contract. Upon the failure of the defendant to furnish the advertising matter, thus placing it out of the power of the plaintiff to comply with

the contract on its part, the plaintiff was entitled to recover, on account of this breach by the defendant, the net profit which it had in the contract; and the measure of this net profit was the difference between the contract price to be paid, to wit, seventy cents per inch for each insertion, less the actual expense of printing and publishing the advertisement. The amendment alleged that this net profit would have amounted to thirty cents per inch, or $144, and that this together with the $14 used made a total amount of $158, besides interest. That part of the amendment which was disallowed by the court distinctly alleged the correct measure of damages, under our construction of the contract; and we think the court erred in disallowing that part of the amendment. The plaintiff was entitled to recover, on proof of the allegations of the petition as amended, the sum of $158, as its net profit on the contract.                                    *Judgment reversed.*